UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **Montvale Surgical Center ,** | : | |
| | : | Civil Action No. 2:12-4166 (ES-CLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **Horizon Blue Cross/Sheild of NJ, et al ,** | : | PRETRIAL SCHEDULING ORDER |
| | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Fed. R. Civ. P. 16 on **September 5 , 2012** ; and for good cause shown,

**IT IS** on this 5  day of September , 2012 ,

**ORDERED THAT:**

**Next Scheduled Court Event:** The court will hold a **Telephone Conference** on **10/23/12 at 12:00 PM**. Counsel for plaintiff shall initiate the call.

## I.  DISCOVERY AND MOTION PRACTICE

**1.**   **Fact Discovery Deadline**:  Fact discovery is to remain open through **1/18/13**. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

**2.**   **Motions to Add New Parties**:  Any motion to add new parties, whether by amended or third-party complaint, must be returnable no later than **12/12/12**.

**3.**   **Motions to Amend Pleadings**:  Any motion to amend pleadings must be returnable no later than **12/12/12.**

**4.**   **Rule 26 Disclosures**:  The parties shall exchange disclosures as required pursuant to Fed. R. Civ. P. 26 no later than **9/19/12**. / The parties have represented to the Court that Fed. R. Civ. P. 26 initial disclosures have already been exchanged.

**5.**   **Interrogatories**:  The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, on or before **10/15/12**, which shall be responded to by **11/13/12**.

6. **Depositions**:  The number of depositions to be taken by each side shall not exceed **3 and 3**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).

7. **Electronic Discovery**:  The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

8. **Discovery Disputes**:  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.  Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal efforts fail, the aggrieved party shall bring the dispute to the Court's attention in the first instance by a brief letter, not to exceed 5 pages, outlining the dispute.  The other party will then be permitted to submit a brief opposition letter, not to exceed 5 pages.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  *See* L. Civ. R. 16.1(f).

9. **Motion Practice:**  No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be the subject of a dispositive motion pre-hearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), Appendix N, and L. Civ. R. 78.1.

## II. EXPERT DEADLINES

10. **Affirmative Expert Reports:**  All affirmative expert reports shall be delivered by **NA**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.

11. **Responding Expert Reports:** All responding expert reports shall be delivered by **NA**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report.**

12 **Form and Content of Expert Reports: All expert reports most comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.**

## III. MISCELLANEOUS

13. **Extensions and Adjournments:** All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders

of the Court, shall be submitted to the Court in writing via facsimile [(973)-776-7865].

14. **Contacting the Court:** Attorneys and/or parties may contact the court via any of the following methods:
    - **Telephone:**   (973)-776-7862
    - **Facsimile:**   (973)-776-7865
    - **Mail:**   Honorable Cathy L. Waldor
      50 Walnut Street, Room 4040
      Newark, NJ 07101

15. **Protective Orders**: Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* Local Civil Rule 5.3.

16. **Local Rules:** Attorneys and/or parties are hereby directed to the Local Federal Rules of Civil Procedures for any other procedural question not specifically addressed in this scheduling order.

17. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS.**


               s/ Cathy L. Waldor
               **CATHY L. WALDOR**
               **UNITED STATES MAGISTRATE JUDGE**