# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o GRIFFIN BINKO, | : : : | Hon. Esther Salas, U.S.D.J. Case No. 12-cv-4166-ES-CLW |
| Plaintiffs, | : : | *Civil Action* |
| v. | : : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NJ, INC.; NOVARTIS PHARMACEUTICALS CORPORATION; ABC CORP. (1-10) (said names being fictitious and unknown entities), | : : : : : : | |
| Defendants. | : | |

## DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Edward Cerasia II
1575 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2502
edward.cerasia@ogletreedeakins.com

Jocelyn A. Merced
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
jocelyn.merced@ogletreedeakins.com

Attorneys for Defendant
Novartis Pharmaceuticals Corporation

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................... 1

**BACKGROUND FACTS** ........................................................................................................ 1

**ARGUMENT** ............................................................................................................................ 2

    **A.  MSC'S PROPOSED AMENDMENT IS FUTILE AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** ............................................. 2

    **B.  IN ANY EVENT, MSC'S NEGLIGENT MISREPRESENTION CLAIM IS PREEMPTED BY ERISA** .................................................................................................. 4

**CONCLUSION** ........................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Rehabilitation, LLC v. United Health Group, Inc.*,
    2012 U.S. App. LEXIS 20050 (3d Cir. 2012) .......................................................................2, 3

*Ford Motor Co. v. Edgewood Properties, Inc.*,
    2009 WL 150951 (D.N.J. 2009) ................................................................................................3

*Forman v. Davis*,
    371 U.S. 178 (1962) ..................................................................................................................2

*In re Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d. Cir. 1997) ...............................................................................................2, 3

*Lascaris v. Griffin Investigations, Inc.*,
    2006 WL 54342 (D.N.J. 2006) .................................................................................................3

*Majka v. Prudential Ins. Co. of Am.*,
    171 F. Supp. 2d 410 (D.N.J. 2001) ...........................................................................................4

*Prysbowski v. U.S. Healthcare, Inc.*,
    245 F.3d 266 (3d Cir. 2001) ......................................................................................................5

*Schmelzle v. UNUM Life Ins. Co. of Am.*,
    2008 U.S. Dist. LEXIS 63627 (D.N.J. 2008) .......................................................................4, 5

*Theodossiou v. Commerce Bank, N.A.*,
    2007 WL 1071961 (D.N.J. 2007) .............................................................................................3

**STATUTES**

29 U.S.C. § 1144(a) ..........................................................................................................................4

Employee Retirement Income Security Act of 1974 ("ERISA") ........................................1, 3, 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1, 3, 4

## PRELIMINARY STATEMENT

Defendant Novartis Pharmaceuticals Corporation ("NPC") respectfully submits this brief in opposition to plaintiff Montvale Surgical Center, LLC's ("MSC's") motion for leave to amend its Complaint (which currently asserts five state law causes of action for breach of contract and promissory estoppel) to add claims under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to MSC's request for reimbursement for experimental medical treatment – known as "manipulation under anesthesia" ("MUA") – that it provided to a participant under the NPC medical plan (the "Plan").  The claims administrator for the Plan, defendant Horizon Blue Cross Blue Shield of NJ ("HBCBS"), denied MSC's claim for reimbursement on the ground that the MUA treatment was experimental and investigational, and thus not "medically necessary" and reimbursable under the Plan.  Under the terms of the Plan, HBCBS retained the discretion to make such a determination, and nothing in the proposed Amended Complaint shows that HBCBS's determination was arbitrary or capricious.  That dooms MSC's proposed claims.

The Court should deny MSC's motion as futile, given that the claims in the proposed Amended Complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  That is because, in September 2012, the Third Circuit specifically held in a virtually identical case that a medical provider cannot obtain reimbursement for MUA treatments under the terms of an ERISA plan that, like the Plan at issue, covers only treatment that the claims administrator deems "medically necessary" and not experimental or investigational.  Consequently, for the same reasons, the Court should deny MSC's motion for leave to file the Amended Complaint.

## BACKGROUND FACTS

According to proposed Amended Complaint, MSC provided the facilities and treating doctors for the medical procedures administered to Griffin Binko ("Binko"), including MUA. MSC submitted the bills for services to HBCBS for $30,000, for which HBCBS approved an

allowed amount of $0.  (Am. Compl., ¶ 12.)  MSC seeks reimbursement for the unpaid services rendered to Binko.  (*Id*., ¶¶ 13-16.)

The Plan states that "no benefits are payable unless HBCBS determines the services or supplies are medically necessary."  (*Id*., ¶ 13; Plan at p.62) (copy annexed as Exhibit A to the Certification of Edward Cerasia II, Esq. ("Cerasia Cert.").)  The Plan also excludes treatments that are considered "investigational, unproven or experimental."  (*Id*. at 64.)

On September 17, 2010, MSC submitted its first appeal to HBCBS challenging the determination with respect to the medical procedures administered to Binko. (Cerasia Cert., Ex. B.)  By letter dated November 3, 2010, HBCBS advised Binko that, upon review of the submitted medical documentation and information provided, Binko "had not established that the claimed procedure was medically necessary." (Cerasia Cert., Ex. C.)  On December 29, 2010, MSC submitted a second level appeal.  (Cerasia Cert., Ex. D.)  By letter dated June 14, 2011, HBCBS upheld its denial of coverage.  (Cerasia Cert., Ex. E.)  That determination was based on the lack of "good evidence based data to support the safety and long term efficacy of manipulation under anesthesia of the spine[.] It is investigational.  In addition, the clinical documentation does not support the medical necessity of the MUA of the pelvis."  (*Id*.)  MSC subsequently filed this lawsuit and now seeks to amend its Complaint.

## ARGUMENT

### A.  MSC'S PROPOSED AMENDMENT IS FUTILE AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A court should deny leave to amend a complaint where, as here, the amendment will be futile.  *Advanced Rehabilitation, LLC v. United Health Group, Inc.*, 2012 U.S. App. LEXIS 20050, at *13 (3d Cir. Sept. 25, 2012) (Cerasia Cert., Ex. F); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

2

"Futility" in this context means that the complaint, as amended, fails to state a claim upon which relief could be granted. *In re Burlington*, 114 F.3d at 1434. Thus, in assessing futility, the Court applies the same standard of legal sufficiency as applied under Rule 12(b)(6). (*Id.*) Judges in this District do not hesitate to deny motions for leave to amend a complaint where the proposed amendment will not survive a motion to dismiss. *E.g.*, *Ford Motor Co. v. Edgewood Properties, Inc.*, 2009 WL 150951, at *3-5 (D.N.J. Jan. 20, 2009) (Cerasia Cert., Exhibit G); *Theodossiou v. Commerce Bank, N.A.*, 2007 WL 1071961, at *3-4 (D.N.J. Apr. 5, 2007) (Cerasia Cert., Exhibit H); *Lascaris v. Griffin Investigations, Inc.*, 2006 WL 54342, at *2-3 (D.N.J. Jan. 10, 2006) (Cerasia Cert., Exhibit I). This case is no exception.

Here, the Plan provides that HBCBS has broad and final discretion to determine whether a procedure is "medically necessary" and whether benefits are payable under the Plan. (Cerasia Cert., Ex. A at p.62.) The Plan explicitly states that "no benefits are payable unless HBCBS determines the services or supplies are medically necessary." (*Id*. at 62.) The Plan also excludes treatments that are considered "experimental or investigational or unproven." (*Id.* at 64, 65.) Given this Plan language, MSC's proposed Amended Complaint will not survive a motion to dismiss.

The Third Circuit's recent decision in *Advanced Rehabilitation, LLC v. United Health Group, Inc.*, 2012 U.S. App. LEXIS 20050 (3d Cir. Sept. 25, 2012), is dispositive in this respect. (Cerasia Cert, Ex. F). There, the plaintiff sought reimbursement under an ERISA medical plan for MUA treatments. Like the Plan in the present case, the plan in that case did not cover treatments that were deemed "experimental or investigational," such as MUA. (*Id*. at *3.) The plan administrator determined that MUA treatments were experimental or investigational, and

not medically necessary, and thus refused to pay benefits under the plan. *Id*. at *7.[1] The plaintiff filed suit under ERISA, seeking reimbursement for the MUA treatments. The district court dismissed the complaint under Rule 12(b)(6) and denied a motion for leave to amend on the ground of futility, reasoning that the plaintiff could not show that United Healthcare's denial of benefits was arbitrary and capricious in light of the plan language and discretion granted to United Healthcare in making benefit determinations. The Third Circuit affirmed those rulings. *Id*. at *11-12. This Court should reach the same conclusion and deny MSC's motion for leave to amend as futile.

B. **IN ANY EVENT, MSC'S NEGLIGENT MISREPRESENTION CLAIM IS PREEMPTED BY ERISA**

In any event, MSC's negligent misrepresentation claim in the proposed Amended Complaint is preempted by ERISA. Therefore, that claim will not survive a motion to dismiss.

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" governed by ERISA. 29 U.S.C. §1144(a); *Schmelzle v. UNUM Life Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 63627 at *8 (D.N.J. 2008) (Cerasia Cert., Exhibit J). The Supreme Court has given the phrase "relates to" its "broadest common-sense meaning," holding that a state law relates to an employee benefit plan if it "has a connection with or reference to such a plan." *Majka v. Prudential Ins. Co. of Am.*, 171 F. Supp. 2d 410, 413 (D.N.J. 2001).

The Third Circuit has held that "suits against . . . insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence . . . have been held

---

[1] While MSC alleges that AMA-CPT codes exist and thus show that MUA is not investigational or experimental, (Am. Compl., ¶ 13), *United Health Group* rejected such an allegation and concluded that such an allegation did not show that the plan administrator's determination that MUA is investigational or experimental was arbitrary and capricious. 2012 U.S. App. LEXIS 20050, at *10-11. Thus, MSC's reliance on AMA-CPT codes is misplaced and will not save its proposed Amended Complaint from dismissal.

4

preempted by Section 514(a)." (*Id.*) (citing *Prysbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001); *see also Schmelzle*, 2008 U.S. Dist. LEXIS 63627, at *10 (holding that plaintiff's claim for negligence against defendant for failure to advise plaintiff of the need to provide "evidence of insurability" for his wife before paying the proceeds on a life insurance policy was preempted by ERISA).

Here, MSC asserts a negligent misrepresentation claim against NPC on the ground that MSC "reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed." (Am. Compl., ¶ 40.) Clearly, this claim directly relates to MSC's belief of what was covered under the ERISA benefit plan at issue, precisely the kind of claim that Section 514(a) of ERISA preempts. Therefore, MSC cannot maintain a negligent misrepresentation claim against NPC.

## CONCLUSION

For all of the foregoing reasons, NPC respectfully requests that the Court deny MSC's motion for leave to file its proposed Amended Complaint.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

By: /s/ Edward Cerasia II
        Edward Cerasia II
        1575 Broadway, 22nd Floor
        New York, New York 10019
        (212) 492-2500
        edward.cerasia@ogletreedeakins.com

        Jocelyn A. Merced
        10 Madison Avenue, Suite 400
        Morristown, New Jersey 07960
        (973) 656-1600
        jocelyn.merced@ogletreedeakins.com

        Attorneys for Defendant
        Novartis Pharmaceuticals Corporation

Date: January 8, 2013

13974850.3 (OGLETREE)