**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o G.B., <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., NOVARTIS PHARMACEUTICALS CORPORATION, et al., <br> Defendants. | Civil Action No. <br><br> 12-4166-ES-SCM <br><br> **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND** <br><br> **[D.E. 17]** |

## I. INTRODUCTION

This matter comes before the Court on the motion of plaintiff Montvale Surgical Center, LLC ("MSC") seeking leave to file an amended complaint. (*See* D.E. 17, MSC's Motion to Amend). Defendant Novartis Pharmaceuticals Corporation ("Novartis") opposes the motion. (*See* D.E. 20, Defendant's Opposition). The Court has considered the parties' submissions made in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

## II. BACKGROUND AND PROCEDURAL HISTORY

MSC is an outpatient ambulatory surgery center where surgical procedures are performed, and was allegedly an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in healthcare plans, including those of defendants. (*See* D.E. 17-4, Plaintiff's Proposed Amended Compl, at *1). According to MSC's proposed amended complaint, MSC provided facilities and treating doctors for medical procedures, including "manipulation under anesthesia" ("MUA"), administered to "G.B.," a subscriber to a plan of group health insurance (the "Plan") issued to employees and their participating family members by Defendant Novartis. (*Id.; see also* D.E. 20, Defendant's Brief in Opposition, at *4). The claims administrator for the Plan, Defendant Horizon Blue Cross Blue Shield of New Jersey ("HBCBS"), denied MSC's claims for reimbursement of MUA treatment provided to G.B. on the grounds that MUA treatment is experimental and investigational, and thus not "'medically necessary' and reimbursable under the Plan.'" (*See* D.E. 20, Defendant's Brief in Opposition, at *4).

MSC submitted its first appeal for reconsideration of HBCBS's denial of coverage on September 17, 2010, challenging HBCBS's determination that the medical procedures rendered to G.B. were experimental and investigational. (*Id.* at *5; see*

2

*also* D.E. 20-2 at *7, Ex. B. to Defendant's Opposition). HBCBS responded via letter dated November 3, 2010, and advised that Plaintiff had still not established that the MUA procedures were "medically necessary." (*See id.* at *36). MSC submitted a second appeal on December 29, 2011, but HBCBS upheld its denial of coverage on June 14, 2011, again finding that MUA is investigational and medically necessary. (*Id.* at *38; *see also* D.E. 20-3, Ex. E. to Defendant's Opposition, HBCBS's final denial of coverage letter, at *30).

MSC subsequently filed the instant lawsuit, and shortly thereafter Defendant HBCBS removed the matter to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. (*See* D.E. 1, Notice of Removal). MSC now seeks to amend its complaint to replace its state law breach of contract and promissory estoppel claims with federal claims for violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq*. (*See* D.E. 17, Plaintiff's Motion to Amend). Plaintiff has not filed any brief in support of its motion. Novartis opposes MSC's motion, arguing that the amendment is futile and therefore must be denied. (*See* D.E. 20, Defendant's Brief in Opposition).

**III. DISCUSSION**

Leave to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(a) is generally freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts, however, may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. "Only when these factors suggest that the amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Here, Novartis opposes MSC's motion to amend on the basis of futility. (*See* D.E. 20, Defendant's Brief in Opposition). In the context of a motion to amend the complaint pursuant to Rule 15(a), a proposed amendment is futile if the complaint, as amended, would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Foman v. Davis*, 371 U.S. at 182; *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (An amendment is considered futile if it "is frivolous or advances a

4

claim or defense that is legally insufficient on its face."). By this standard, the Court must determine whether the proposed amendment sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, the Court must accept all factual allegations as true, "as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). While all well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, courts may disregard any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, at 667 (2009) (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations omitted). The court must also determine whether the complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. While there is no requirement of probability, the

5

pleading must do more than demonstrate that the conduct is "merely consistent" with liability in order to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id.* at 677 (internal quotations omitted). In performing this analysis, the reviewing court must "draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Novartis asserts in its opposition papers that MSC's proposed amendment is futile because the Plan explicitly states that "no benefits are payable unless HBCBS determines the services or supplies are medically necessary." (*See* D.E. 20, Defendant's Brief in Opposition, at *6). Here, Novartis argues, HBCBS was within its discretion in finding that the MUA treatments at issue were not medically necessary and therefore not eligible for reimbursement under the Plan. (*Id*.). Accordingly, Novartis contends that MSC cannot show that HBCBS's denial of benefits was arbitrary and capricious in light of the Plan's language and the discretion granted to HBCBS in making benefit determinations, and therefore MSC's proposed amendment must be denied as futile. (*Id*. at *7).

The Court notes that MSC did not file a brief or reply in support of its motion to amend. Instead, MSC opted to submit a short statement certifying that "no brief is necessary in

6

support of Plaintiff's Motion to Amend, as reliance will be made on the Notice of Removal (Docket Entry #1) stating that the subject of this pending matter is governed by ERISA." (D.E. 17-3). The Court further notes that MSC did not file any response to Novartis's opposition, nor did MSC request an extension of time to respond.

While MSC has not filed any brief in support of its motion to amend or in reply to Novartis' opposition, the Court has reviewed the proposed amendment while taking the allegations as pled in the light most favorable to MSC. The underlying Plan states that "no benefits are payable unless HBCBS determines the services or supplies are medically necessary." (D.E. 20-2, Ex. A, Plan at p.62). The Plan further states that HBCBS "determines whether nor [sic] not covered services and supplies are medically necessary only to determine benefits under the plan. No benefits are payable unless Horizon BCBSNJ determines the services or supplies medically necessary," and explicitly states that treatment that is considered investigational, unproven or experimental is not covered. (*Id*. at p.62, 64). Specifically, the Plan, in relevant part, reads as follows:

>**What Is Not Covered**
>
>In addition to any specific exclusion described in the preceding pages, and unless coverage is specifically provided by the plan, the PPO and indemnity options do not

7

> cover and do not pay benefits for expenses
> related to services or supplies that are not
> a covered expense, and drugs, treatment, or
> supplies considered investigational,
> unproven or experimental. The plan will not
> pay benefits for any of the services,
> treatments, items, or supplies described in
> the following information, even it [sic] is
> recommended or prescribed by a doctor or it
> is the only available treatment for your
> condition.
>
> […]
>
> **Experimental, Investigational, or Unproven Services**
>
> Experimental, investigational, and unproven
> services are excluded. The fact that an
> experimental or investigational service or
> an unproven service, treatment, device, or
> pharmacological regimen is the only
> available treatment for a particular
> condition will not result in benefits being
> paid if the procedure is considered to be
> experimental or investigational or unproven
> in the treatment of that particular
> condition.

(Id. at p.64-65). MSC has not disputed the authenticity of the Plan excerpts and other documents attached to Novartis's opposition papers, nor has MSC disputed Novartis's interpretation of the Plan or characterization of HBCBS's discretion to determine whether procedures are medically necessary and eligible for reimbursement under the Plan. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3d Cir. 1993) (holding that the language of Fed. R.

Civ. P. 12(b)(6) "does not prohibit a district court from considering exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents.").

After considering the excerpts of the Plan that were provided by Novartis, along with the correspondence related to the appeals process, it is apparent that HBCBS had significant discretion with regard to the determination of whether procedures were medically necessary. The Plan contains language reserving the right for HBCBS to determine which treatments to cover based on its decision regarding a given procedure's medical necessity, or whether a procedure is experimental or investigative for a given condition. (*See* D.E. 20, Defendant's Brief in Opposition, at *6; *see also* D.E. 20-2, Ex. A., Plan at p.62) ("If you have a life-threatening sickness or condition […] Horizon BCBSNJ may, in its discretion, determine that an experimental or investigational service meets the definition of a covered health service for that sickness or condition.").

Plaintiff's proposed pleading does not dispute that HBCBS had the right to determine whether a procedure is medically necessary. Rather, MSC's proposed pleading appears to take issue with HBCBS's determination regarding that MUA treatment is experimental and investigational. Central to MSC's proposed

9

ERISA-related claims is the contention that The American Medical Association's book of Current Procedural Terminology includes codes ("CPT codes") "that indicate that MUA is not investigational or experimental, as well as nationally accepted criteria for practicing MUA on selected patients." (*See* D.E. 1-1, Complaint, at *4, ¶13).

In light of all of the above, and accepting, for the purposes of this motion, that MSC's allegations that denial of coverage for MUA procedures was improper, the Court finds that MSC has not made the threshold showing that HBCBS acted outside the scope of decision making that it was entitled to. After reviewing relevant case law it is apparent that an AMA-CPT code, in and of itself, is not dispositive with regard to a treatment's status as investigational and/or experimental. *See Advanced Rehabilitation, LLC v. United Health Group, Inc.*, 2012 U.S. App. LEXIS 20050 (3d Cir. Sept. 25, 2012). Other courts have considered the significance of CPT codes in similar cases, and have observed that the "codes are used for providers and insurers to identify the procedures and services which coverage is being sought, approved or denied." *Advanced Rehabilitation, LLC v. United Health Group, Inc.*, 2011 U.S. Dist. LEXIS 27710 (D.N.J. March 17, 2011). The Third Circuit has noted that the mere existence of a CPT code is "not enough to establish a

plausible entitlement to relief," and that "in its Introduction to the Codebook, the AMA warns that '[i]nclusion in the … codebook does not represent endorsement … of any particular diagnostic or therapeutic procedure." *Advanced Rehabilitation, LLC*, 2012 U.S. App. LEXIS 20050 at *10. Accordingly, this Court finds that MSC's reliance on the existence of CPT codes as proof that MUA is not investigational or experimental is misplaced, and does not have any bearing on HBCBS's authority to deny or approve coverage. *See Advanced Rehabilitation, LLC*, 2011 U.S. Dist. LEXIS 27710 at *9 ("The CPT codes on which Plaintiffs rely to prove that, objectively, the MUA procedure is medically necessary and not experimental or investigative is not availing, and is refuted by the language of the CPT code book itself[.]). Furthermore, the Court notes that MSC does not allege that the MUA procedures were "either medically necessary or non-experimental for the conditions they were used to treat," and without that "threshold averment, there is nothing upon which the Court can credit Plaintiff's assertion that the denials were […] pretextual." *Id*. at *9-10.

The Court finds that MSC's conclusory allegations that HBCBS acted arbitrarily and capriciously in denying coverage for the MUA procedures appear to be unsupported by the Plan or the denial letters. Accordingly, the Court concludes that the

proposed amended complaint does not demonstrate a plausible entitlement to relief, and therefore is futile for the purposes of Rule 12(b)(6). *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010 (quoting *In re Merck & Co. Sec. Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)); *Advanced Rehabilitation*, 2012 U.S. App. LEXIS 20050 at *12-13; *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. at 468. Consequently, the motion to amend is denied.

IV. **CONCLUSION AND ORDER**

The Court has considered the papers submitted pursuant to Rule 78 and, for the reasons set forth above,

**IT IS** on this 7th day of August, 2013,

**ORDERED** that plaintiff MSC's Motion for Leave to File its proposed amended complaint is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/7/2013 4:49:27 PM

12